FILED

2021 JUN 21 PM 1:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

1  ARA HUNANYAN, Plaintiff, In Pro Per
   16925 Gault Street
2  Van Nuys, CA 91406
   Phone: 818-602-9707

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNA

ARA HUNANYAN;

        Plaintiff,

vs.

Judge MARK JUHAS,

        an Individual and Official Capacities;

SUPERIOR COURT OF CALIFORNIA;

LISA ROSENTHAL; an Individual

HOVIK MEGUERIAN; an Individual

LUCY MEGUERIAN; an Individual

AZAD JINGOZIAN; an Individual

KEVIN BRAZILE; an Individual and Official Capacities;

        Defendants

------------------------------------------------

DOES 1-20

Case No. CV21-5030-JFW(RAO)

COMPLAINT FOR DAMAGES:

1) VIOLATION OF CIVIL RIGHTS 42 U.S.C. §§1981.1982, 1983, 1985, 1986, 1986 (Violation and Conspiracy to Violate Civil Rights, Failure to Train Supervise, Violation of Property Rights)
2) Supplemental State Claims

**JURY TRIAL IS DEMANDED**

1

PLAINTIFFS ALLEGE AS FOLLOWS:

This is a complaint for damages based upon Federal and State civil rights violations and state torts committed by Judge Mark Juhas with his accomplices Defendants that are named above.

## I.
## *JURISDICTION*

1. Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983,1985,1988 and California state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343. Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367.

## II.
## *VENUE*

2. The claims alleged herein arose from events or omissions occurring in the County of Los Angeles. Therefore, venue lies in the Central District of California. 28 U.S.C. 1391(b)(2).

## III.
## PARTIES
### **PLAINTIFF**

3. Plaintiff ARA HUNANYAN is a resident of the County of Los Angeles, State of California. At all times material to this complaint, plaintiff was a private citizen of the State of California, United States of America.

### **DEFENDANTS**

4. Plaintiff is informed, believes and thereupon alleges that Defendant MARK JUHAS ("JUHAS"), was at all times material herein a Judge of Superior Court of Los Angeles and acting under color of law within the course and scope of his employment.

5. Plaintiff is informed, believes and thereupon alleges that Defendant LISA ROSENTHAL ("ROSENTHAL"), was at all times material herein an attorney hired by some other Defendants to conduct the Trial.

6. Plaintiff is informed, believes and thereupon alleges that Defendant AZAD JINGOZYAN ("JINGOZYAN"), was at all times material herein an attorney to conduct the Trial in the Family Court.

7. Plaintiff is informed, believes and thereupon alleges that Defendants LUCY MEGUERIAN ("LUCY") and HOVIK MEGUERIAN ("HOVIK") was Personal Representatives in the family divorce case LASC# LD046786, was at all times material herein.

8. Plaintiff is informed, believes and thereupon alleges that Defendant KEVIN BRAZILE ("BRAZILE") and Defendant Superior Court of Los Angeles (the "SUPERIOR COURT") were at all times material herein a policy makers and/or supervisor and acting under color of law within the course and scope of their employment and office as a Presiding Judge of Los Angeles County.

## IV.
## FACTS COMMON TO ALL CLAIMS FOR RELIEF
## OVERVIEW

9. Plaintiff is informed, believes and thereupon alleges that at all times mentioned in this Complaint, the individual Defendants were acting under color of law, that is, under the color of the United States Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of California and Los Angeles County.

10. Plaintiff is informed, believes and thereupon alleges that the acts and omissions of each Defendant set forth in this complaint under the federal claims were done by each Defendant knowingly, intentionally and maliciously and for the purpose of harassment, oppression and infliction of injury upon Plaintiffs, and in reckless, wanton and callous disregard of Plaintiffs' safety, security and civil rights; and by reason thereof, Plaintiffs claim exemplary and punitive damages from each Defendant in a sum to be determined at the time of trial.

11. On June 11, 2020 Presiding Judge of Los Angeles County Defendant Brazile issued a General Order mandating that all trials scheduled from June 11, 2020 to July 9, 2020 must be continued.
12. The Trial of the subject case LASC# LD046786 was scheduled for June 18, 2020.
13. Plaintiff is informed, believes and thereupon alleges that on June 22, 2020 Defendant Juhas, acting under color of law, that is, under the color of the United States Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of California and County of Los Angeles disregarded the General Order of the Presiding Judge Defendant Brazile disallowing any trial and illegally conducted Trial on the case of Plaintiff.
14. Plaintiff is informed, believes and thereupon alleges that Defendant Juhas knew or should have known that he had no jurisdiction to conduct a trial in that day and knew or should have known that he should make a continuance for the trial day.
15. Plaintiff is informed, believes and thereupon alleges that Defendant Juhas conducted the Trial under color of law as a judge when he was in fact had no any jurisdiction to conduct any trial.
16. Plaintiff is informed, believes and thereupon alleges that Defendants JUHAS, ROSENTHAL, JINGOZYAN and LUCY and HOVIK (via their attorneys) knew or should have known that the case should be continued since Defendant Juhas had no jurisdiction to start a trial but conspired together and conducted a trial.
17. Plaintiff is informed, believes and thereupon alleges that Defendants BRAZILE and Defendant Superior Court of California failed to supervise, train and discipline Defendants JUHAS, ROSENTHAL AND JINGOZYAN since Plaintiff informed Defendant KEVIN BRAZILE regarding violation of his General Order.
18. 42 U.S.C. § **1983** imposes civil liability on a person acting under color of state law who deprives another of the rights, privileges, or immunities secured by the Constitution and laws.
19. Plaintiff is informed, believes and thereupon alleges that at all material times herein, the individual Defendants were acting within the scope of their employment and/or color of law and therefore owed Plaintiff the duty to avoid a violation of her constitutionally guaranteed civil rights.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST DEFENDANTS JUHAS and BRAZILE
### Violation of Civil Rights 42 U.S.C. § 1981, 1982, 1983,1985,1986

20. Plaintiff incorporates paragraphs 1-19, as though fully set forth herein.
21. This cause of action arises under United States Code, Title 42, Sections 1981,1982, 1983,1985, 1986 wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.
22. Plaintiff is informed, believes and thereupon alleges that Defendant Juhas acting under color of law violated Plaintiff's rights knowingly that he cannot conduct a trial when it was ordered to continue all trials.
23. Plaintiff is informed, believes and thereupon alleges that Defendant Brazile failed to train, inform and discipline Judge Juhas when he learned via Plaintiff that the violation took place as a result of which Plaintiff suffered the violation of mentioned rights.
24. Plaintiff is informed, believes and thereupon alleges that Defendants Rosenthal (with her clients Defendants Hovik and Lucy) and Jingozyan conspired with Defendant Juhas to commit violaton of civil rights of Plaintiff.
25. Plaintiff is informed, believes and thereupon alleges that each of the DEFENDANTS, acting individually, and in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his civil rights to: Equal Protection, Property Rights, be free from deprivation hs civil rights, be free from conspiration against hs civil rights and due process of law.

## SECOND CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST ALL DEFENDANTS SUPPLEMENTAL STATE LAW CLAIM
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs incorporate paragraphs 1-25, as though fully set forth herein.
27. This cause of action arises under the general laws and Constitution of the State of California.
28. Plaintiff has complied with the California Tort Claims Act requirements.

29. Plaintiff is informed, believes and thereupon alleges that in committing the aforesaid acts and omissions specified in Paragraphs 1 through 28, ALL DEFENDANTS and each of them, acted intentionally, recklessly, and/or in conscious disregard with respect to the high probability that their conduct would likely result in severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, dismay and anguish to Plaintiff, with or without accompanying physical symptoms.

30. Plaintiff is informed, believes and thereupon alleges that each Defendant's acts and omissions as specified in Paragraphs 1 through 29, were outrageous and shocking to the conscience of an ordinary person, and caused in Plaintiff, severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, loss of sleep, dismay and anguish and was a substantial factor in causing damage and injury to Plaintiff as set forth herein.

31. Plaintiff is informed, believes and thereupon alleges that DEFENDANT BRAZILE and the Superior Court of Los Angeles are liable to Plaintiff for the acts of their judges, individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

### *THIRD CLAIM FOR RELIEF*
**BY PLAINTIFF AGAINST ALL DEFENDANTS SUPPLEMENTAL STATE LAW CLAIM FOR VIOLATION OF CIVIL RIGHTS**
**(CALIFORNIA CIVIL CODE §§ 51.7, 52(b) and 52.1)**

32. Plaintiff incorporates paragraphs 1-31, as though fully set forth herein.

33. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

34. Plaintiff is informed, believes and thereupon alleges that ALL DEFENDANTS and each of them, by doing and/or causing the acts complained of in this entire Complaint, violated Plaintiff's civil rights under the United States and California Constitutions, as well as California Civil Code Sections 52.1, 52(b) and 51.7 by doing the acts described herein above. Said acts were in violation of Article I,

6

Sections 2, 3, 7 and 13 of the California Constitution, and were done by each Defendant.

35. Plaintiff is informed, believes and thereupon alleges that DEFENDANTS Brazile and Superior Court of California are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2

36. Plaintiff is informed, believes and thereupon alleges that DEFENDANTS, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, and penalties and attorneys' fees as provided in California Civil Code §§ 52(b), including but not limited to an amount no less than $25,000 to Plaintiff, per each Defendant, per each violation of right, in addition to all other remedies supported by or provided for by law. Non-governmental entity defendants are also liable to Plaintiff for exemplary and punitive damages.

37. Plaintiff is informed, believes and thereupon alleges that DEFENDANTS, for the respective acts and violations pleaded herein above, are liable to Plaintiff for attorneys' fees as provided in California Civil Code § 52(b)(3).

38. Plaintiff is informed, believes and thereupon alleges that DEFENDANTS, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b). Non-governmental entity defendants are also liable Plaintiff for exemplary and punitive damages.

### JURY DEMAND

Plaintiff hereby demands trial by jury in this action

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ara Hunanyan prays for the following relief from Defendants, and each of them, for each of the above causes of action;

1. For compensatory damages, including general and special damages, according to proof;

2. For punitive damages pursuant to 42 U.S.C. §1983 and California Civil Code §§ 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

3. For statutory damages, according to proof,

4. For prejudgment interest according to proof;

5. For reasonable attorney fees pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, California Civil Code §§ 52.1, 52(b)(3), California Code of Civil Procedure § 1025.1, and any other applicable provisions;

6. For costs of suit; and

7. For such further relief which is just and proper.

Respectfully submitted,

I declare under penalty of perjury under the laws of the State of California and United State of America that the foregoing is true and correct.

06/21/2021
(Date)

_____ (Signature)

ARA HUNANYAN, Plaintiff